UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEAGHAN KING,<br><br>            Plaintiff<br><br>  -against-<br><br>OGURY, INC d/b/a OGURY LIMITED and EVAN RUTCHIK, in his individual and professional capacities,<br><br>            Defendants. | Civil No. 21-CV-1752 (JPO) (SDA)<br><br>**DECLARATION OF EVAN RUTCHIK IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

    Evan Rutchik, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1. I am the former Chief Revenue Officer and current President of the Americas for Ogury, Inc. d/b/a Ogury Limited ("Ogury" or the "Company"). As such, I have personal knowledge of the facts set forth in this declaration.

    2. I submit this declaration in support of Ogury's motion, pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6), the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), and the Local Rules of this Court to dismiss the action filed by Plaintiff Meaghan King ("Plaintiff") and compel arbitration.

    3. Ogury hired Plaintiff as a Sales Manager in its New York City Office on or around February 12, 2018.

    4. Ogury provided Plaintiff with an Employment Agreement for her review and signature. A copy of the Initial Employment Agreement provided to Plaintiff is annexed hereto as Exhibit "A."

    5. Plaintiff communicated to me verbally that she had concerns regarding

Paragraph 6 of the Employment Agreement, i.e., the "Unfair Competition" paragraph of the Employment Agreement.

6. In response, I asked Plaintiff to make her proposed revisions in redline to her Initial Employment Agreement. However, she never did. Since Plaintiff was the only remaining Sales Manager/salesperson in the company who did not execute an employment agreement – which the Company required all Sales Managers/salespeople to do – I worked with Jimmy Liu, the Company's Financial Controller, U.S., to revise the Initial Employment Agreement in order to address Plaintiff's concerns for her.

7. Specifically, we eliminated several lines of language from Paragraph 6, "Unfair Competition" by narrowing the types of businesses that would be considered competition from: "business entity engaged in the mobile data collection and mobile advertising business and related products and services for the advertising and related industries'" to: "business entity whose primary business is engaged in mobile data collection via a proprietary SDK".

8. We also updated Plaintiff's home address in Paragraph 15, "Notices" to accurately reflect where she was currently residing at that time.

9. Plaintiff did not object to or raise any issues regarding Paragraph 19 of the Employment Agreement, the "Dispute Resolution" paragraph.

10. On February 15, 2019, Mr. Liu and I printed out a hard copy of the revised version of Plaintiff's Employment Agreement to address what I believed were Plaintiff's concerns to Paragraph 6.

11. I met with Plaintiff in person and provided her with her revised Employment Agreement with Ogury, reflecting the edits identified above. Plaintiff signed the Employment Agreement that same day, on February 15, 2019, in my presence in a conference room in Ogury's

offices.

12. A true and correct copy of the Employment Agreement signed by Plaintiff on February 15, 2019 in my presence is attached hereto as Exhibit "B."

13. The documents attached to this declaration are kept by Ogury in the ordinary course of its regularly conducted business activities.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 26, 2021

_____
EVAN RUTCHIK