UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEAGHAN KING,

                                    Plaintiff

            -against-

OGURY, INC d/b/a OGURY LIMITED and EVAN
RUTCHIK, in his individual and professional capacities,

                                    Defendants.

Civil No. 21-CV-01752
(JPO) (SDA)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OGURY INC. D/B/A OGURY LIMITED'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Wendy J. Mellk
Tania J. Mistretta

*Attorneys for Defendant
  Ogury, Inc. d/b/a Ogury
  Limited*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

      A.    Plaintiff Signed An Employment Agreement Including a
             Provision to Arbitrate All Employment-Related Disputes. ....................................2

      B.    Plaintiff Breached Her Agreement To Arbitrate By Filing
             This Action........................................................................................................3

ARGUMENT ...............................................................................................................4

I.     THE COURT SHOULD COMPEL PLAINTIFF TO RESOLVE
      HER CLAIMS IN ARBITRATION. ...................................................................4

      A.    Federal Law Requires The Court Enforce A Valid
             Arbitration Agreement. ......................................................................................4

      B.    The Parties' Agreement Requires Plaintiff To Arbitrate Her
             Claims. ..............................................................................................................5

             1.    The Parties Agreed To Arbitrate.............................................................6

             2.    Plaintiff's Claims Fall Within the Scope of the
                    Arbitration Agreement. ....................................................................7

              3.    Plaintiff Does Not Assert Any Federal Statutory
                    Claim That Is Subject To Legislative Exemption
                    From Arbitration. ..........................................................................9

      C.    Plaintiff's Claims Under New York State And City Law
              Are Subject To Arbitration. ...............................................................................9

             1.    The FAA Preempts CPLR 7515. ..........................................................10

             2.    CPLR 7515 Is Inconsistent With Federal Law. .......................................12

II.    THE COURT SHOULD DISMISS THE COMPLAINT. .................................12

CONCLUSION...........................................................................................................14

i

## **TABLE OF AUTHORITIES**

**Cases**

AT&T Mobility v. Concepcion,
   563 U.S. 333 (2011)......................................................................................10

Bensadoun v. Jobe-Riat,
   316 F.3d 171 (2d Cir. 2003)............................................................................5

Brown v. Cushman & Wakefield,
   235 F. Supp. 2d 291 (S.D.N.Y. 2002)..............................................................1

Charter Communs., Inc. v. Garfin,
   2021 U.S. Dist. LEXIS 33579, 2021 WL 694549
   (S.D.N.Y. Feb. 23, 2021)...............................................................................11

Circuit City Stores, Inc. v. Adams,
   532 U.S. 105 (2001)........................................................................................4

Dean Witter Reynolds Inc. v. Byrd,
   470 U.S. 213 (1985)........................................................................................5

Drakeford v. Wash. Mut.,
   No. 07-CV-3489, 2008 U.S. Dist. LEXIS 53224, 2008 WL 2755838
   (S.D.N.Y. July 11, 2008).................................................................................13

Epic Systems Corp. v. Lewis,
   138 S. Ct. 1612 (2018)...................................................................................12

Genesco, Inc. v. T. Kakiuchi & Co.,
   815 F.2d 840 (2d Cir. 1987).........................................................................5, 7

Gilbert v. Indeed, Inc.,
   No. 20-CV-3826, 2021 U.S. Dist. LEXIS 9717, 2021 WL 169111
   (S.D.N.Y. Jan. 19, 2021)................................................................................11

Gold v. Deutsche Aktiengesellschaft,
   365 F.3d 144 (2d Cir. 2004)............................................................................6

Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.,
   246 F.3d 219 (2d Cir. 2001)............................................................................7

Johnson v. Tishman Speyer Props., L.P.,
   No. 09-CV-1959, 2009 U.S. Dist. LEXIS 96464, 2009 WL 3364038
   (S.D.N.Y. Oct. 16, 2009)................................................................................13

Latif v. Morgan Stanley & Co. LLC,
  18-CV-11528, 2019 U.S. Dist. LEXIS 107020, 2019 WL 2610985
  (S.D.N.Y. June 26, 2019)..............................................................................9, 10, 11

Lewis Tree Serv., v. Lucent Techs., Inc.,
  239 F.Supp.2d 332 (S.D.N.Y. 2002).......................................................................13

Lipson v. Birch,
  46 F. Supp. 3d 206 (E.D.N.Y. 2014) .......................................................................4

Martinez v. Bloomberg LP,
  883 F. Supp. 2d 511 (S.D.N.Y. 2012), aff'd 740 F.3d 211 (2d Cir. 2014)..............................4

Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1 (1983)....................................................................................5, 7

Nunez v. Citibank, N.A.,
  No. 08-CV-5398, 2009 U.S. Dist. LEXIS 7783, 2009 WL 256107
  (S.D.N.Y. Feb. 3, 2009) ................................................................................13

Oldroyd v. Elmira Sav. Bank, FSB,
  134 F.3d 72 (2d Cir. 1998).............................................................................7, 8

Phillips v. Audio Active Ltd.,
  494 F.3d 378 (2d Cir. 2007)..............................................................................6

Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela,
  991 F.2d 42 (2d Cir. 1993)............................................................................6, 10

Reynolds v. de Silva,
  No. 09-CV-9218, 2010 U.S. Dist. LEXIS 18040, 2010 WL 743510
  (S.D.N.Y. Feb. 24, 2010) ............................................................................12, 13

Roby v. Corp. of Lloyd's,
  996 F.2d 1353 (2d Cir. 1993)............................................................................4

Rubin v. Sona Int'l Corp.,
  457 F. Supp. 2d 191 (S.D.N.Y. 2006)....................................................................13

Ryan v. JPMorgan Chase & Co.,
  924 F. Supp. 2d 559 (S.D.N.Y. 2013)..............................................................6, 12, 13

Savarese v. J.P. Morgan Chase,
  16-CV-321, 2016 U.S. Dist. LEXIS 159765, 2016 WL 7167968
  (E.D.N.Y. Nov. 16, 2016)................................................................................7

Schappert v. Bedford, Freeman & Worth Publ'g Group, LLC,
  2004 U.S. Dist. LEXIS 14153, 2004 WL 1661073 (S.D.N.Y. 2004).......................................1

Southland Corp. v. Keating,
    465 U.S. 1 (1984)................................................................................................10

Spencer-Franklin v. Citigroup/Citibank N.A.,
    No. 06-CV-3475, 2007 U.S. Dist. LEXIS 25870, 2007 WL 1052451
    (S.D.N.Y. Apr. 4, 2007)......................................................................................13

Thomas v. Public Storage,
    957 F. Supp. 2d 496 (S.D.N.Y. July 31, 2013)............................................7, 8, 13

White v. WeWork Cos., Inc.,
    No. 20-CV-1800, 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969
    (S.D.N.Y. June 11, 2020)..................................................................................9, 11

Zhu v. Hakkasan NYC LLC,
    291 F. Supp. 3d 378 (S.D.N.Y. Nov. 28, 2017).....................................................6

## PRELIMINARY STATEMENT

Defendant Ogury, Inc. d/b/a Ogury Limited (hereinafter "Ogury" or the "Company") submits this memorandum of law in support of its motion to compel arbitration and dismiss the Complaint filed by Plaintiff Meaghan King ("Plaintiff") pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6), the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), and the Local Rules of this Court.

Plaintiff agreed to arbitrate employment-related disputes with Ogury as a condition of her employment with the Company.  In violation of her Employment Agreement, Plaintiff commenced this action asserting claims of gender discrimination and retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), as well as claims of discrimination and retaliation in violation of the New York City Victim of Sex Offenses Law § 8-107(27) ("NYC VSOL").

Specifically, as a condition of her employment with Ogury, Plaintiff signed an Employment Agreement that contained a Dispute Resolution paragraph requiring that "any and all claims against the Company… arising out of or relating to [her] employment with the Company, will be settled solely and finally by arbitration."   Because all of Plaintiff's claims derive from her employment with Ogury, consistent with prevailing case law and the well-established federal policy favoring arbitration, Ogury respectfully moves this Court for an order compelling Plaintiff to arbitrate her claims, dismissing this action, and awarding such other and further relief as the Court deems just and proper.[1]

---

[1] In the event the Court does not compel arbitration, Ogury will request that the Court enforce the jury waiver contained in Plaintiff's Employment Agreement at ¶13.  Jury trial waivers, including those in employment agreements such as the one at hand, are regularly enforced in this Circuit.  See, e.g., Schappert v. Bedford, Freeman & Worth Publ'g Group, LLC, 2004 U.S. Dist. LEXIS 14153, at *38-39, 2004 WL 1661073, at *11-12 (S.D.N.Y. 2004); see also Brown v. Cushman & Wakefield, 235 F. Supp. 2d 291, 293 (S.D.N.Y. 2002)

## STATEMENT OF FACTS

A.   **PLAINTIFF SIGNED AN EMPLOYMENT AGREEMENT INCLUDING A PROVISION TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES.**

Ogury hired Plaintiff as a Sales Manager in Ogury's New York City Office on or around February 12, 2018.  (Declaration of Evan Rutchik, dated March 26, 2021 ("Rutchik Decl.") at ¶ 3).  Ogury provided Plaintiff with a draft employment agreement for her review and signature as part of her role as Sales Manager.  (Rutchik Decl. ¶ 4; Exhibit "A" to the Rutchik Decl. (hereinafter the "Initial Employment Agreement")).   Plaintiff expressed concerns regarding the "Unfair Competition" paragraph of the Initial Employment Agreement provided to her to Evan Rutchik, Ogury's then acting Chief Revenue Officer.  (Rutchik Decl. ¶¶ 1, 4-5).  In response, Mr. Rutchik invited Plaintiff to propose revisions to the Initial Employment Agreement, which Plaintiff failed to do.  (Rutchik Decl. ¶¶ 6-7).  Instead, Mr. Rutchik coordinated with Jimmy Liu, Ogury's Financial Controller, U.S., to revise the Initial Employment Agreement to address Plaintiff's concerns.  (Rutchik Decl. ¶ 6).

On February 15, 2019, Mr. Rutchik and Mr. Liu printed a revised version of the Initial Employment Agreement which Plaintiff signed in Mr. Rutchik's presence that same day. (Rutchik Decl. ¶¶ 10-11; Exhibit "B" to the Rutchik Decl. (hereinafter the "Employment Agreement")).  Critically, the revisions to the Employment Agreement had nothing to do with the Dispute Resolution paragraph, Paragraph 19, and included revisions to the Unfair Competition paragraph, Paragraph 6, and Plaintiff's home address listed in the Notices paragraph, Paragraph 15.  (Rutchik Decl. ¶¶ 7-8; Initial Employment Agreement at ¶¶ 6, 15, 19; Employment Agreement at ¶¶¶ 6, 15, 19).

Plaintiff's executed Employment Agreement included the following language:

19.   **Dispute Resolution**.  Without limitation to provisions of Sections

13 and 17 hereof, any and all controversies, claims, or disputes arising out of or relating to this Agreement or any breach thereof, any and all claims Employee may have against the Company or any officer, director, or employee of the Company, any and all claims the Company may have against Employee, or **any and all claims arising out of or relating to Employee's employment with the Company, will be settled solely and finally by arbitration** in the City of New York, State of New York, with the rules of the American Arbitration Association then in effect in the State of New York, and the governing arbitration of disputes under New York law. Arbitration will be the exclusive remedy for all such disputes; no other action may be brought in a court or any other forum (except actions to compel arbitration or to obtain an injunction to enforce any covenants or statutes regarding unfair competition, non-solicitation, trade secrets, or confidentiality or as set forth in Section 13 and 17 hereof).

(Employment Agreement at ¶ 19 (emphasis added)).

Plaintiff signed a complete version of the Employment Agreement on February 15, 2019 before Mr. Rutchik in a conference room in Ogury's office. (Rutchik Decl. ¶¶ 10-12; Employment Agreement at p. 10). At no time did Plaintiff object to or raise any issues regarding Paragraph 19 of the Employment Agreement, the Dispute Resolution paragraph. (Rutchik Decl. ¶ 9).

### B. PLAINTIFF BREACHED HER AGREEMENT TO ARBITRATE BY FILING THIS ACTION.

On March 1, 2021, Plaintiff filed an eight-count Complaint against Ogury and Evan Rutchik in the United States District Court for the Southern District of New York. (Exhibit "A" to the Declaration of Tania J. Mistretta, Esq., dated March 26, 2021 hereinafter "Complaint" or "Comp."). Plaintiff's Complaint sets forth claims of gender discrimination and retaliation in violation of the NYSHRL, NYCHRL and NYC VSOL, all arising from her employment with Ogury. (Comp. at ¶¶ 57-99). Plaintiff's Complaint further alleges that Plaintiff intends to file a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"),

and that she will seek leave to file an Amended Complaint alleging violations of Title VII once a Notice of Right to Sue has been issued by the EEOC.  (Comp. at ¶ 3).

These claims all relate to Plaintiff's "employment relationship" with Ogury under the clear language of the Employment Agreement.  (Employment Agreement at ¶ 19; Comp. at ¶¶ 57-99).  Accordingly, by filing her claims before this Court, Plaintiff is in violation of the unequivocal arbitration provision of the Employment Agreement, warranting an order compelling arbitration and dismissing her claims.  (Employment Agreement at ¶ 19).

## ARGUMENT

## I.   THE COURT SHOULD COMPEL PLAINTIFF TO RESOLVE HER CLAIMS IN ARBITRATION.

### A.   FEDERAL LAW REQUIRES THE COURT ENFORCE A VALID ARBITRATION AGREEMENT.

There is a strong public policy in favor of arbitration clauses.  See Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993); Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 515 (S.D.N.Y. 2012), aff'd 740 F.3d 211 (2d Cir. 2014); Lipson v. Birch, 46 F. Supp. 3d 206, 213 (E.D.N.Y. 2014). Congress enacted the Federal Arbitration Act ("FAA") to codify this "strong federal policy" into law, and made it applicable to all contracts governing working relationships except those involving transportation workers.  See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).  The FAA expressly requires courts to enforce written private agreements to arbitrate disputes, declaring:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon any such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.   As the Supreme Court has recognized, the FAA embodies "a congressional declaration of a liberal federal policy favoring arbitration agreements," and "**any doubts**

- 4 -

**concerning the scope of arbitrable issues should be resolved in favor of arbitration**." Moses
H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) (emphasis added).

Further, upon finding that a dispute is subject to a binding arbitration agreement,
the FAA mandates courts compel arbitration of the dispute. See 9 U.S.C. § 4 ("[U]pon being
satisfied that the making of the agreement for arbitration or the failure to comply therewith is not
in issue, the court shall make an order directing the parties to proceed to arbitration in accordance
with the terms of the agreement."). In construing this obligation, the Second Circuit has
emphasized that "'by its terms, the [FAA] leaves no place for the exercise of discretion by a district
court, but instead mandates that district courts shall direct the parties to proceed to arbitration on
issues as to which an arbitration agreement has been signed.'" Genesco, Inc. v. T. Kakiuchi &
Co., 815 F.2d 840, 844 (2d Cir. 1987) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213,
218 (1985)).

Courts apply a summary judgment standard when evaluating whether to compel
arbitration pursuant to the FAA. See Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003)
(citations omitted). Thus, courts must grant a motion to compel arbitration "if the pleadings, the
discovery and disclosure materials on file, and any affidavits show that there is no genuine issue
as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(c). This standard is readily met here, thereby requiring the Court to compel arbitration.

**B.    THE PARTIES' AGREEMENT REQUIRES PLAINTIFF TO ARBITRATE
        HER CLAIMS.**

In determining whether to compel arbitration pursuant to the FAA, courts in the
Second Circuit assess: (1) whether the parties agreed to arbitrate; (2) whether the claims at issue
fall within the scope of the arbitration agreement; and (3) if federal statutory claims are asserted,
whether Congress intended to preclude arbitration of those claims. See Genesco, Inc., 815 F.2d at

844; Ryan v. JPMorgan Chase & Co., 924 F. Supp. 2d 559, 562-63 (S.D.N.Y. 2013).  Here, resolution of each of these factors favor compelling arbitration of Plaintiff's claims.

1.       The Parties Agreed To Arbitrate.

Courts "apply state law in determining whether the parties have agreed to arbitrate," but "[t]he issue of an arbitration agreement's scope is governed by the federal substantive law of arbitrability." Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela, 991 F.2d 42, 45, 48 (2d Cir. 1993); Phillips v. Audio Active Ltd., 494 F.3d 378, 389 (2d Cir. 2007) ("Our assessment of the scope of arbitration clauses is governed by the Federal Arbitration Act").

Under New York law "[a] valid arbitration agreement requires a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement." Zhu v. Hakkasan NYC LLC, 291 F. Supp. 3d 378, at *387 (S.D.N.Y. Nov. 28, 2017) (evaluating validity of agreement under state law).  "By signing a written instrument, a party creates presumptive evidence of its assent to enter into a binding agreement." Id. (citing Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004)).  "[I]n the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract . . . is conclusively presumed to know its contents and to assent to them." Gold, 365 F.3d at 149 (internal citations and quotations omitted).

Plaintiff signed the Employment Agreement, and there is no evidence of fraud or other wrongful act on the part of Ogury, Mr. Rutchik or anyone else in connection with Plaintiff's execution of the Employment Agreement. (Rutchik Decl. ¶¶ 4-11).  Accordingly, there is a strong presumption that Plaintiff assented to arbitrate "any dispute or controversy arising out of th[e] Agreement, [her] offer letter, or [her] employment relationship" with Ogury.  See Zhu, Gold,

supra; (Employment Agreement at ¶ 19).[2]

        2.    <u>Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.</u>

        Plaintiff's claims in this action comprising allegations of employment discrimination and retaliation unquestionably fall within the scope of the Arbitration Agreement. The Agreement provides that "any and all controversies, claims or disputes arising out of or relating to . . . Employee's employment with the Company, will be settled solely and finally by arbitration. (Employment Agreement at ¶19).

        "In determining whether a particular claim falls within the scope of the parties' arbitration agreement, [courts] focus on the factual allegations in the complaint rather than the legal causes of action asserted." <u>Genesco Inc. v. T. Kakiuchi & Co.</u>, 815 F.2d 840, 846 (2d Cir. 1987). "Further, Courts in this Circuit have held that 'doubts as to whether a claim falls within the scope of [an arbitration] agreement should be resolved in favor of arbitrability.'" <u>Savarese v. J.P. Morgan Chase</u>, 16-CV-321, 2016 U.S. Dist. LEXIS 159765, at *16, 2016 WL 7167968, at *6 (E.D.N.Y. Nov. 16, 2016) (quoting <u>Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.</u>, 246 F.3d 219, 226 (2d Cir. 2001) and citing <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983)).

        Broad arbitration provisions, such as the one at issue here – covering all controversies and claims arising from the employment relationship – have been enforced in the Second Circuit. <u>See id.</u> (citing <u>Genesco</u>, 815 F.2d at 845) (upholding arbitration clauses that generally referred to "all claims and disputes of whatever nature arising under the contract" and

---

[2] Moreover, even if Plaintiff had not signed the Employment Agreement, by merely continuing to work for Ogury after multiple notices of its Dispute Resolution paragraph, Plaintiff manifested her assent to arbitration. <u>See</u>, <u>e.g.</u>, <u>Thomas v. Public Storage, Inc.</u>, 957 F. Supp. 2d 496, 499 n.2 (S.D.N.Y. 2013 (holding "continued employment, without more, **is sufficient**, to manifest assent to arbitration where an employee received documents that contained such information, continued with her employment, and did not opt out of arbitration.") (emphasis added).

"any controversy arising out of or relating to his contract"); see also Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) ("[W]e have held that the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute.") (internal citations and quotations omitted).

For example, in Thomas v. Public Storage, 957 F. Supp. 2d 496, 500 (S.D.N.Y. July 31, 2013), the Court granted the defendant's motion to compel arbitration of the plaintiff's NYSHRL and NYCHRL sex discrimination and retaliation claims where the plaintiff signed a general arbitration provision.  See Thomas, 957 F. Supp. 2d at 500.  Likewise, in Oldroyd, the Second Circuit held that the plaintiff's retaliatory discharge claim brought pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 was "presumptively within the scope of the arbitration clause contained in [the plaintiff's] employment agreement," which made arbitrable "any dispute, controversy or claim arising under or in connection with [the plaintiff's] employment agreement."  Oldroyd, 134 F.3d at 76-77 ("We have previously held that this is precisely the kind of broad arbitration clause that justifies a presumption of arbitrability.").

Based on the holdings in Thomas and Oldroyd, and the clear mandate from courts in the Second Circuit that the "scope of [an arbitration] agreement should be resolved in favor of arbitrability," the broad general description of covered claims under the arbitration provision in the Employment Agreement encompass each and every cause of action asserted in Plaintiff's Complaint against Ogury and Mr. Rutchik, namely: her claims for gender discrimination and retaliation under the NYSHRL, NYSHRL and NYC VSOL, all of which arise out of her employment relationship with Ogury.

3.    <u>Plaintiff Does Not Assert Any Federal Statutory Claim That Is Subject To Legislative Exemption From Arbitration.</u>

As to the third element of the Second Circuit assessment of whether to compel arbitration pursuant to the FAA, Plaintiff does not assert any federal statutory claims and thus, this factor is inapplicable to the instant matter.

**C.    PLAINTIFF'S CLAIMS UNDER NEW YORK STATE AND CITY LAW ARE SUBJECT TO ARBITRATION.**

To the extent Plaintiff purports to assert any argument that her claims are not subject to arbitration because New York Civil Practice Law and Rules ("CPLR") 7515 prohibits mandatory arbitration of "any allegation or claim of discrimination" this claim should be wholly rejected.

This Court has held repeatedly that this New York statute cannot block an employer from enforcing a mandatory arbitration agreement against an employee who files a lawsuit alleging claims of gender discrimination and retaliation, the same claims Plaintiff alleges in the instant case. <u>See</u> <u>Latif v. Morgan Stanley & Co. LLC</u>, 18-CV-11528,  2019 U.S. Dist. LEXIS 107020, at *9-10, 2019 WL 2610985, at *3-4 (S.D.N.Y. June 26, 2019); <u>White v. WeWork Cos., Inc.</u>, No. 20-CV-1800, 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969 (S.D.N.Y. June 11, 2020).

CPLR 7515 provides, in relevant part, as follows:

2.    The term "prohibited clause" shall mean any clause or provision in any contract which requires as a condition of the enforcement of the contract or obtaining remedies under the contract that the parties submit to mandatory arbitration to resolve any allegation or claim of discrimination, in violation of laws prohibiting discrimination, including but not limited to, article fifteen of the executive law.

*        *        *        *

4(b)(i) Prohibition.  Except where inconsistent with federal law, no written contract, entered into on or after the effective date of this section shall contain a prohibited clause as defined in paragraph two of subdivision (a)

of this section.

(ii) Exceptions.  Nothing contained in this section shall be construed to impair an employer from incorporating a non-prohibited clause or other mandatory arbitration provision within such contract, that the parties agree upon.

(iii) Mandatory arbitration clause null and void.  Except where inconsistent with federal law, the provisions of such prohibited clause as defined in paragraph two or subdivision (a) of this section shall be null and void.  The inclusion of such clause in a written contract shall not serve to impair the enforceability of any other provision of such contract.

1.      The FAA Preempts CPLR 7515.

Even if CPLR 7515 applies to Plaintiff's Employment Agreement, it is preempted by the FAA.  Congress, in passing the FAA "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984).   "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."  AT&T Mobility v. Concepcion, 563 U.S. 333, 341 (2011).  That is exactly what CPLR 7515 purports to do – prohibit outright the arbitration of a particular type of claim, i.e., discrimination claims – and it is, therefore, preempted by the FAA.  See also Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir. 1993) (New York rule that required arbitration agreements to be proven with a heightened "express, unequivocal agreement" standard was preempted by the FAA) (quotations omitted).  Thus, to the extent CPLR 7515 applies, it is preempted by the FAA under controlling Supreme Court and Second Circuit authority.  AT&T Mobility, 563 U.S. at 341; Progressive Cas. Ins. Co., 991 F.2d at 46.

More specifically, this Court has held that CPLR 7515 is inconsistent with the FAA and that the strong presumption under the FAA that arbitration agreements are enforceable is not displaced by CPLR 7515.  In Latif v. Morgan Stanley & Co. LLC, 2019 U.S. Dist. LEXIS 107020

- 10 -

at *9-10, 2019 WL 2610985, at *3-4, where the plaintiff alleged gender discrimination, hostile work environment, and retaliation claims in violation of, inter alia, the NYSHRL and NYCHRL, the Court rejected the plaintiff's argument that the arbitration agreement he signed with the defendant, his former employer, was unenforceable pursuant to CPLR 7515 and granted the defendant's motion to compel arbitration.   Specifically, the Court held that applying CPLR 7515 to invalidate the parties' agreement to arbitrate the plaintiff's claims would be "inconsistent with the FAA" and because CPLR 7515 applies to a specific type of claim, rather than a generally applicable defense, it does not fall within the FAA's savings clause.  Id. at *9-10.

Similarly, in White v. WeWork Cos., Inc., 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969, citing Latif, the Court granted the defendant's motion to compel arbitration of the plaintiff's claims, which included race and gender discrimination and retaliation claims under the NYSHRL and NYCHRL, holding that "[s]ince CPLR § 7515 is displaced by the FAA, [plaintiff] may not rely on it to defeat [defendant's] motion to compel arbitration."   White, 2020 U.S. Dist. LEXIS 102354 at *14, 2020 WL 3099969 at *6.  More recently, in Charter Communs., Inc. v. Garfin, the Court granted the petitioner's motion to compel arbitration of the plaintiff's gender discrimination, hostile work environment and retaliation claims under the NYSHRL and NYCHRL applying New York choice of law principles holding "several courts in this District have reached this issue and have determined that Section 7515 is preempted by the FAA."  2021 U.S. Dist. LEXIS 33579, at *37, 2021 WL 694549, at *15 (S.D.N.Y. Feb. 23, 2021).  The Court further noted that "'regardless of the intent of the New York legislature Section 7515 could not be applied to relieve Plaintiff from the effect of her arbitration agreement even as to her state claims.'" Id. (citing Gilbert v. Indeed, Inc., No. 20-CV-3826, 2021 U.S. Dist. LEXIS 9717, at *44, 2021 WL 169111, at *15 (S.D.N.Y. Jan. 19, 2021)).

For the reasons described in detail above, the Court should follow <u>Latif</u>, <u>White</u> and <u>Charter Communs., Inc.</u> and compel arbitration of Plaintiff's claims pursuant to her Employment Agreement.

         2.      <u>CPLR 7515 Is Inconsistent With Federal Law.</u>

Even if the FAA did not preempt CPLR 7515, on its face, CPLR 7515 only applies when it would not be inconsistent with federal law.  <u>See</u> CPLR 7515(b)(i) and (iii).  The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The New York law, by contrast, purports to preclude or render null and void mandatory agreements to arbitrate discrimination claims.  CPLR 7515(a)(2).  As such, CPLR 7515 on its face is "inconsistent with federal law" and, therefore, does not apply to the Employment Agreement at issue here.

Further, CPLR 7515 singles out arbitration agreements for disfavor.  CPLR 7515(a)(2).  Such grounds do not fit within the "savings clause" under FAA Section 2.  9 U.S.C. § 2; <u>Epic Systems Corp. v. Lewis</u>, 138 S. Ct. 1612, 1622 (2018) (holding that even if the National Labor Relations Act rendered agreements with class waivers "illegal," it was insufficient to invalidate an arbitration agreement because it was not a doctrine applied to "any contract").  For these additional reasons, the Court should compel arbitration of Plaintiff's claims.

## II.      THE COURT SHOULD DISMISS THE COMPLAINT.

Where, as here, all of the claims at issue are subject to a valid and binding agreement to arbitrate, courts should compel arbitration and also may dismiss the action.  <u>See</u>, <u>e.g.</u>, <u>Ryan v. JPMorgan Chase & Co.</u>, 924 F. Supp. 2d 559, 562 (S.D.N.Y. 2013) (collecting cases); <u>Reynolds v. de Silva</u>, No. 09-CV-9218, 2010 U.S. Dist. LEXIS 18040, at *23, 2010 WL 743510,

at *8 (S.D.N.Y. Feb. 24, 2010) ("[A]ll courts of which we are aware have followed the rule that, where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." (citation and internal alteration marks omitted)).

As many courts have observed, dismissal of an action where all claims are subject to arbitration far better serves judicial economy.  See id., 2010 U.S. Dist. LEXIS 18040, at *23-24, 2010 WL 743510, at *8 (dismissing action where all claims were subject to arbitration, explaining that "[i]t would be an inefficient use of the Court's docket to stay the action"); Johnson v. Tishman Speyer Props., L.P., No. 09-CV-1959, 2009 U.S. Dist. LEXIS 96464, at *10, 2009 WL 3364038, at *4 (S.D.N.Y. Oct. 16, 2009) (dismissing action where all claims were subject to arbitration, explaining that "no useful purpose will be served by granting a stay of the claims" (citation and internal alteration marks omitted)).

Accordingly, this Court routinely dismisses actions where all of the claims are subject to arbitration.  See Drakeford v. Wash. Mut., No. 07-CV-3489, 2008 U.S. Dist. LEXIS 53224, at *9-10, 2008 WL 2755838, at *3-4 (S.D.N.Y. July 11, 2008) (dismissing action where all claims were subject to arbitration); Rubin v. Sona Int'l Corp., 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) (same); Ryan, 924 F. Supp. 2d at 566 (compelling arbitration and dismissing action); Thomas v. Public Storage, 957 F. Supp. 2d 496, 500 (S.D.N.Y. July 31, 2013) (same); Nunez v. Citibank, N.A., No. 08-CV-5398, 2009 U.S. Dist. LEXIS 7783, at *10, 2009 WL 256107, at *4 (S.D.N.Y. Feb. 3, 2009) (same); Spencer-Franklin v. Citigroup/Citibank N.A., No. 06-CV-3475, 2007 U.S. Dist. LEXIS 25870, at *4, 2007 WL 1052451, at *2 (S.D.N.Y. Apr. 4, 2007) (same); Lewis Tree Serv.,  v. Lucent Techs., Inc., 239 F.Supp.2d 332, 340-41 (S.D.N.Y. 2002) (same).

Since all of Plaintiff's claims are subject to arbitration, and no useful purpose would

- 13 -

be served by granting a stay of Plaintiff's claims, Ogury respectfully requests the Court dismiss

Plaintiff's action and compel arbitration.

**<u>CONCLUSION</u>**

For all the foregoing reasons, Ogury respectfully requests the Court issue an order:

(1) compelling Plaintiff to arbitrate her claims; (2) dismissing this action as a matter of law; and

(3) awarding Ogury such further relief as the Court deems just and appropriate.

Dated: March 26, 2021
      New York, New York

Respectfully Submitted,

JACKSON LEWIS P.C.


*/s/  Tania J. Mistretta*
By:   Wendy J. Mellk
      Tania J. Mistretta
      666 Third Avenue, 29th Floor
      New York, New York 10017

      *Attorneys for Defendant*
       *Ogury Inc., d/b/a Ogury Limited*